**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,          )
                            )
                            )
                            )
        v.                  )          Cr. A. No. 1505011577
                            )
THOMAS T. LINK, III,        )
                            )
        Defendant.          )
                            )

William L. Raisis, Esquire                    Joe Hurley, Esquire
Deputy Attorney General                       1215 King Street
Department of Justice                         Wilmington, DE 19801
820 N. French Street, 7th Floor               *Attorney for Defendant*
Wilmington, DE 19801
*Attorney for Plaintiff*

### MEMORANDUM OPINION AND ORDER
### ON DEFENDANT'S MOTION TO DISMISS

On August 26, 2016, Defendant Thomas Link, III ("Defendant") filed a Motion to Dismiss the charge filed against him in which he asserts that the State violated his right to a speedy trial under the United States Constitution and Delaware Constitution. On October 20, 2016, the Court heard the Motion. This is the Court's Decision on Defendant's Motion to Dismiss.

### PROCEDURAL HISTORY

On May 17, 2015, Defendant was arrested and charged with driving under the influence ("DUI"), in violation of 21 *Del. C.* § 4177. On May 22, 2015, the case was filed in Justice of the

Peace Court 11 ("Court 11").[1] On June 12, 2015, Defendant was arraigned and pled not guilty.[2] On November 20, 2015, Defendant contacted Court 11 and was informed that no trial date had been assigned.[3] On April 28, 2016, approximately five-months later, Court 11 informed Defendant that his trial date is set for June 17, 2016.[4] Defense counsel requested discovery on May 23, 2016 and the State responded. The response, however, purportedly included information that pertained to a different Thomas Link, III.[5] Because of the confusion, the case was continued. On July 5, 2016, Defendant requested that his case be transferred from Court 11 to this Court.[6] On August 26, 2016, Defendant filed the Motion to Dismiss for a violation of Defendant's right to a speedy trial. Thereafter, on August 30, 2016, Court 11 transferred Defendant's case to the Court of Common Pleas.[7] Defendant does not dispute that his case continued in a timely manner after August 30, 2016.

## DISCUSSION

Defendant filed his Motion under the authority of the United States Constitution, the Delaware Constitution, and *Court of Common Pleas Criminal Rule 48(b)*.[8] The Sixth Amendment to the United States Constitution affords defendants "the right to a speedy and public trial" in all criminal prosecutions,[9] and is applied to the States through the Due Process Clause of the Fourteenth Amendment.[10] Article I, Section VII of the Delaware Constitution also

---

[1] Defense Exhibit 1.
[2] Defense Exhibit 2.
[3] Defense Exhibit 3.
[4] Defense Exhibit 4.
[5] Defense Exhibits 5-7. During oral argument on Defendant's Motion to Dismiss, the State disagreed with Defendant's characterization. The State's records indicated that defense counsel sent the wrong client home after a Motion to Dismiss in Justice of the Peace Court, which required the court to issue a continuance.
[6] Defense Exhibit 8.
[7] Defense Exhibit 9.
[8] *Defendant's Motion to Dismiss Prosecution* at 3.
[9] U.S. CONST. amend. VI.
[10] *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967).

guarantees criminal defendants the right to "a speedy and public trial by an impartial jury."[11] Additionally, *Court of Common Pleas Criminal Rule 48(b)* grants the Court discretion to dismiss an action if there is unnecessary delay in bringing a criminal defendant to trial.[12]

In determining whether a speedy trial violation occurred, the Court utilizes the United States Supreme Court balancing test set forth in *Barker v. Wingo*.[13] Under the *Barker* test, the Court evaluates the conduct of both the prosecution and the defendant by considering the following factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial, and; (4) prejudice to the defendant."[14] No single factor by itself is essential or dispositive to the finding of a violation; indeed, a totality of circumstances test is appropriate.[15] Hence, the Court will analyze each factor separately and then weigh the factors to determine whether Defendant's right to a speedy trial was violated.

*Factor 1: Length of Delay*

Defendant's right to a speedy trial attaches when he or she is arrested or indicted, whichever occurs first.[16] This factor in the *Barker* analysis is a threshold consideration. If the delay is not prejudicial, then it is unnecessary to consider the remaining three factors.[17] The Delaware Supreme Court has found that when the delay between the arrest and trial exceeds one year, it is presumptively prejudicial and is sufficient to allow consideration of the remaining *Barker* factors.[18]

---

[11] DEL. CONST. art. I, § 7.
[12] Ct. Com. Pl. Cr. R. 48(b).
[13] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).
[14] *Id.*
[15] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (quoting *Barker v. Wingo*, 407 U.S. 514, 533 (1972)).
[16] *Id.*
[17] *State v. Karg*, 2003 WL 23112736, at *2 (Del. Com. Pl. Oct. 21, 2003) (citing *Barker*, 407 U.S. at 530–31); *see also Skinner v. State*, 575 A.2d 1108, 1115 (Del. 1990) ("The threshold question is the length of the delay. Unless there is some delay which is presumptively prejudicial, there is no reason to review the other factors.").
[18] *State v. Warrington*, 2016 WL 3485355, at *6 (Del. Com. Pl. June 27, 2016) (citing *Cooper v. State*, 32 A.3d 988, at *7 (Del. 2011) (TABLE); *compare Dabney v. State*, 953 A.2d 159, 165 (Del. 2008) ("Because the trial delay in

3

In this action, the delay is presumptively prejudicial because it surpasses one year.[19] The length of delay, therefore, weighs in favor of Defendant, and prompts a full *Barker* analysis.

### *Factor 2: Reason for Delay*

The reason for the delay is crucial in the *Barker* analysis, because it justifies the delay[20] and can dispose of the objector's whole argument.[21] The Court considers the conduct of both parties and assigns varying weight to the State's proffered reasons for the delay.[22] For instance, if the State deliberately attempts to delay trial, it will weigh heavily against the State.[23] Likewise, "[d]elays caused by 'negligence, overcrowded courts, or excessive caseloads on prosecutors' are also attributable to the State because 'the defendant has no influence over the decisions necessary to reduce a backlog in the courts or the caseloads of individuals prosecutors.'"[24] Court 11's inattentiveness to Defendant's case and the State's lack of a valid excuse for this delay is sufficient reason for this factor to weigh in Defendant's favor.[25] *Lex parsimoniae* demands this Court to find the procedural neglect of Defendant's case sufficient to weigh in Defendant's favor.

---

this case exceeded one year between arrest and incarceration to trial, we are compelled to find that the length of delay necessitates our consideration of the other *Barker* factors."), *with State v. Strzalkowski*, 2010 WL 2961519, at *4 (Del. Super. July 28, 2010)) (eight-month delay is not presumptively prejudicial).

[19] During oral argument on Defendant's Motion to Dismiss, the State was reluctant to calculate the time lapse beginning at Defendant's arrest, but agreed that even one day beyond one year is presumed prejudicial under factor one. Even when calculated from indictment, the present case's time lapse is beyond one year. *See State v. Conway*, 2016 WL 2874287, at *2-3 (Del. Com. Pl. May 17, 2016) (Rennie, J.) ("In this action, the delay is lengthy enough to be presumptively prejudicial, because it surpasses one year.").

[20] *Karg*, 2003 WL 23112736, at *2.

[21] *State v. Cody*, 2015 WL 3648068, at *3 (Del. Super. June 4, 2015) (citing *Bailey v. State*, 521 A.2d 1069, 1081 (Del. 1987)).

[22] *Id.* (citing *Middlebrook v. State*, 802 A.2d 268, 274 (Del. 2002)).

[23] *Page v. State*, 934 A.2d 891, 897 (Del. 2007) (quoting *Middlebrook*, 802 A.2d at 274 (internal quotation omitted)).

[24] *State v. Downs*, 2014 WL 4929505, at *3 (Del. Com. Pl. Sep. 26, 2014) (quoting *Middlebrook*, 802 A.2d at 274).

[25] During oral argument on Defendant's Motion to Dismiss, the State admitted neglect could be the reason for the delay.

4

*Factor 3: Defendant's Assertion of the Right to a Speedy Trial*

The third factor in the *Barker* analysis is vital and requires Defendant to articulate when he asserted his right to a speedy trial.[26] A defendant's failure to assert the right "will make it difficult for a defendant to prove that he was denied a speedy trial."[27] No statute proscribes a time limit for Defendant to assert his right to a speedy trial; however, Defendant nonetheless has "some responsibility" to raise issue with the delay.[28]

In this case, Defendant asserted his right to a speedy trial on August 26, 2016 when he filed the Motion to Dismiss for violation of his right to a speedy trial. This was one-year and three months after his arrest on May 17, 2015.[29] While Defendant was not silent on his desire for a trial prior to August 26, 2016, he only contacted Court 11 regarding case management concerns and not the specific issue of a speedy trial violation.[30] Thus, the Court finds the third *Barker* factor to weigh in favor of the State.

*Factor 4: Prejudice to Defendant*

Finally, in considering the fourth factor in the *Barker* analysis, the Court weighs the prejudice to Defendant in light of the protected interests of: "(1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired."[31] Because Defendant is not presently incarcerated, the Court will only address prongs two and three of his protected interests.

---

[26] *Bailey v. State*, 521 A.2d 1069, 1082 (Del. 1987).

[27] *Middlebrook*, 802 A.2d at 275.

[28] *Id.*

[29] Factor three weighs in the State's favor when a defendant delays beyond one year before asserting his or her right to a speedy trial. *See State v. Johnson*, 564 A.2d 364, 369 (Del. Super. 1989) (approximately one-year and four-months between arrest and filing a motion to dismiss); *State v. Cisco*, 2009 WL 3648674, at *1, 3 (Del. Com. Pl. Oct. 6, 2009) (three-hundred and sixty-days between arrest and oral assertion); *Downs*, 2014 WL 4929505, at *4 (approximately one-year and ten-months between arrest and oral assertion).

[30] *Page*, 934 A.2d at 897-98 (implying that a defendant's "protest" is not limited to filing a motion to dismiss, but the protest must concern a speedy trial violation).

[31] *State v. Sells*, 2013 WL 1654317 at *4 (Del. Com. Pl. Apr. 17, 2013) (quoting *Middlebrook*, 802 A.2d at 276).

The right to a speedy trial is designed, *inter alia*, to minimize the anxiety of the defendant. Even if the defendant is not incarcerated prior to trial, he is presumed to be prejudiced "by living under a cloud of anxiety" when his trial is delayed.[32] However, this anxiety will not weigh in a defendant's favor unless the anxiety is *"excessive."*[33] Here, Defendant has failed to articulate why this cloud of anxiety is excessive. It is thus reasonably assumed that his anxiety is comparable to any individual facing criminal charges.[34]

The right to a speedy trial also protects against the impairment of an accused's defense. The right protects this interest because hampering a defendant's ability to "adequately prepare his case skews the fairness of the entire system."[35] While the prejudice of time is particularly "difficult to prove," as time's corrosion of evidence is often subtle,[36] it is nonetheless the most egregious prejudice.[37] Here, other than Defendant's annoyance with Court 11, Defendant has not presented an argument that his defense was impaired. Ultimately, the delay in this present case is no more exorbitant than what the average accused individual would confront. Therefore, the fourth factor weighs against Defendant.

## A. Balancing of Factors

After carefully analyzing and balancing the *Barker* factors, the Court finds that Defendant's right to a speedy trial was not violated. The Court finds that the factors do not weigh against the State so much that the balance tips in Defendant's favor.

---

[32] *Middlebrook*, 802 A.2d at 277 (quoting *Barker*, 407 U.S. at 533).

[33] *Cooper v. State*, 32 A.3d 988, at *8 (Del. 2011) (TABLE).

[34] *See State v. McElroy*, 561 A.2d 154, 157 (Del. 1989) ("The trial court's findings of defendant's financial prejudice, anxiety and stress from three court appearances not resulting in trial are no different from those which may be experienced by any litigant.").

[35] *Downs*, 2014 WL 4929507 at *4.

[36] *Sells*, 2013 WL 1654317 at *3-4 (citing *Doggett v. U.S.*, 505 U.S. 647, 655 (1992)).

[37] *Barker*, 407 U.S. at 532.

6

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 29th day of November, 2016, that Defendant's Motion to Dismiss is **DENIED**. This matter will now be set for trial.

_____

Sheldon K. Rennie,
Judge